**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

GUY AROCH

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT ON PROMISSORY NOTE** |
| -against- | Case No.: |
| JEFFREY YOHAI, |  |
| Defendants. |  |

------------------------------------------------------------------------X

Plaintiff Guy Aroch ("Plaintiff" or "Aroch"), by his attorney, Joshua E. Abraham, Esq., as and for his complaint against Jeffrey Yohai ("Defendant" or "Yohai") alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(b).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

3.      Plaintiff Guy Aroch is an individual residing in the County of New York, State of New York.

4.      Upon information and belief, at all relevant times, Defendant Jeffrey Yohai is a resident of the County of Los Angeles, State of California.

## FIRST CAUSE OF ACTION

5.      This is an action to collect on a promissory note for which Yohai is in default.

6.      The promissory note was executed by Yohai to personally guaranty certain investments made by Aroch in entities operated and controlled by Yohai.   After it become clear that Yohai had engaged in fraud and criminal misuse of these funds, Yohai agreed to personally guaranty repayment in order to reduce his exposure.

7.      Yohai is believed to operate a web of dozens of LLCs and other entities throughout the United Stated, which purport to invest in real estate and other ventures in New York and California.

8.      As the son-in-law of Paul Manafort – Donald Trump's former campaign manager – Yohai has had the opportunity to meet numerous public figures and celebrities, many of whom he has successfully convinced to invest in his businesses.

9.      Typically, Yohai promises his investors a quick and large return on their investments.  When this promised financial performance fails to materialize and investors express their concern, Yohai simply recruits new investors to newly established LLCs – with the same claims of quick success – and repays his earlier investors with these incoming funds.  In this regard, Yohai is believed to be operating a Ponzi scheme.

10.     In or around November 2014, Aroch – an internationally acclaimed photographer – entered into an LLC Membership Interest Purchase Agreement with Yohai for a 20% interest in 391 Broadway Condominium LLC.  Aroch purchased the 20% interest for a payment of $2,000,000 on January 26, 2015.

11.     In addition, on or about February 29, 2016, Plaintiff entered into an Assignment and Assumption Agreement (the "154 Spring Agreement") for the purchase of a condominium unit from 154 Spring St. Partners LLC ("154 LLC").  The 154 Spring Agreement states that Aroch and his wife Anna would purchase the unit for a deposit of $900,000.  The managing member signing the 154 Spring Agreement on behalf of 154 LLC was Yohai.  Per Yohai's instructions, Aroch remitted $900,000 in connection with this agreement to another entity operated by Yohai, Yohai REI LLC.

12.     Upon information and belief, Yohai converted and used most or all of the above-referenced funds for (i) personal travel; (ii) lavish purchases; and/or (iii) speculative ventures outside the investment mandates of 391 Broadway Condominium LLC and 154 LCC in violation of federal wire-fraud statutes and in breach of his fiduciary duties to Aroch.

13.     Despite due demand, Yohai has failed to substantiate his actual use of these funds.  Instead, Yohai commenced a year-long campaign of delay and obfuscation – including well-documented fraudulent lulling statements – in an effort to avoid his repayment obligations to Aroch.

14.     In September 2016, Aroch confronted Yohai once again concerning his misconduct.  In response, Yohai agreed to sign a promissory note, personally guarantying repayment of Aroch's $2,900,000 investment in the above-referenced LLCs by a date certain (the "Note").

15.     A true and correct copy of the Note is attached hereto as **Exhibit A**.

16.     Pursuant to the terms of the Note, Yohai promised to pay Aroch the principal amount of $2,900,000 on or before October 31, 2016.

17.     The Note was made for valuable consideration – *i.e.*, the $2,900,000 that Aroch had remitted to LLCs operated and controlled by Yohai.

18.     The Note was executed on September 27, 2016, and delivered to the Plaintiff on September 27, 2016.

19.     Yohai confirmed the binding nature of the Note in several emails and text messages with Aroch, where Yohai told Aroch that because of the Note, "[w]ell now u can take me [to] court and win."

20.      On October 31, 2016, Yohai defaulted in the payment of the Note.  Yohai has also failed to make payment on the Note to date.

21.     In accordance with the terms of the Note, Aroch is due the total unpaid principal in the amount of $2,900,000 together with applicable statutory interest thereon from November 1, 2016.

22.     Under the terms of the Note, Aroch is also entitled to recover from Yohai all reasonable attorneys' fees and other expenses incurred in exercising Aroch's rights and remedies upon default.

23.     Aroch demands a jury for the trial of this matter.

WHEREFORE, by reason of the foregoing, there is due to the Plaintiff from the Defendant the sum of $2,900,000 with interest thereon at the statutory default rate of 9% per annum from the 1st day of November 2016, plus reasonable attorneys' fees and other collection expenses.

Dated:  New York, New York
          November 17, 2016

Respectfully submitted,

JOSHUA E. ABRAHAM, ESQ.

_____
477 Madison Avenue, Suite 1230
New York, New York 10022
P: (646) 245-6710
F: (646) 201-4454
josh@joshabrahamlaw.com

*Attorney for Plaintiff Guy Aroch*

# Exhibit A

## PROMISSORY NOTE

Amount: $2,900,000.00

September 27, 2016

**FOR VALUE RECEIVED**, the undersigned, (the "Maker"), hereby promises to pay to Guy Aroch ("Payee"), the principal sum of $2,900,000 pursuant to the terms and conditions set forth herein.

**PAYMENT OF PRINCIPAL.** The principal amount of this Promissory Note (the "Note") shall be due and payable in one installment on or before October 31, 2016.

**REMEDIES.** No delay or omission on part of the holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Payee shall be cumulative and may be pursued singly, successively, or together, in the sole discretion of the Payee.

**EXPENSES.** In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal and interest hereunder, reasonable attorneys' fees, plus all other reasonable expenses incurred by Payee in exercising any of its rights and remedies upon default.

**GOVERNING LAW.** This Note shall be governed by, and construed in accordance with, the laws of the State of New York.

**SUCCESSORS.** All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note.

**IN WITNESS WHEREOF,** Maker has executed this Promissory Note as of the day and year first above written.

Maker: _____

JEFFREY YOHAI