

The Law Offices of
# BRUCE E. BALDINGER, LLC

BRUCE E. BALDINGER
ADMITTED NJ, NY, FL
BBALDINGER@BALDINGERLAW.COM
WWW.BALDINGERLAW.COM

365 SOUTH STREET
MORRISTOWN, NJ 07960
TELEPHONE 908-218-0060
FACSIMILE 973-270-0934

Hon. Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
Courtroom 21C
500 Pearl St.
New York, NY 10007-1312

June 8, 2017

*Via ECF*

**Re:** *Aroch v. Yohai*
**Case No. 1:16-cv-08954**
***Response to "Plaintiff's Notice of***
***Supplemental Authority***

Dear Judge Stanton:

This letter is submitted on behalf of the Defendant in the above-referenced matter, in response to the "Plaintiff's Notice of Supplemental Authority" filed on June 7, 2017 [Doc. 28]. In short, the documents annexed to Plaintiff's Notice have no bearing on Defendant's pending Motion to Dismiss for Lack of Subject-Matter jurisdiction, for which briefing has been completed.

It must first be noted that what Plaintiff has submitted is not actually "supplemental authority" as it does not involve a decision or statute that has arisen since Plaintiff filed his last brief on the pending motion. Rather, Plaintiff has submitted what he apparently believes is additional *evidence* on the motion, without seeking or obtaining leave of Court to do so. For that reason alone, Plaintiff's submission should be disregarded by the Court.

Moreover, the document submitted by Plaintiff is irrelevant to the issue of where Defendant is domiciled. It merely shows that a civil complaint was filed against him in state court in California, involving transactions relating to real property located in California. The mere fact that Defendant has been sued in a particular state does not mean he is domiciled in that state. It should not be surprising that the plaintiff in that case chose to file suit in the state where the subject properties are located. Likewise, the fact that the Complaint in the California case states that Defendant is a resident of Los Angeles County, California, does not support Plaintiff's position herein. Defendant has previously acknowledged that he maintains places of residence in both New York City and Los Angeles County, but has presented conclusive evidence that his place of domicile is New York. It is well-settled that a person may have more than one residence, but only

one domicile. *See United States v. Spencer*, 640 *F.3d* 513, 523 (2nd Cir. 2011). Plaintiff also suggests that the fact that Defendant has not removed the California case from state court to federal court means he has "conceded" that he is domiciled in California. This suggestion is completely illogical. A defendant is never ***compelled*** to remove a case to federal court. Removal is a right, not an obligation. *See* 28 U.S.C. § 1441(a) ("... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ***may*** be removed by the defendant or the defendants...) (emphasis supplied.)

For the reasons set forth above, we respectfully submit that Plaintiff's "Notice of Supplemental Authority" should be disregarded, and that even if it is considered, the documents submitted by Plaintiff are irrelevant to the motion before the Court.

Respectfully,

/s/ Bruce E. Baldinger

Bruce E. Baldinger, Esq.

cc: Joshua E. Abraham, Esq. (via ECF)

